NOS. CAAP-12-0000758 and CAAP-12-0000070

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

KE KAILANI PARTNERS, LLC, a Hawaii limited liability
    company, Plaintiff-Appellee, v. KE KAILANI DEVELOPMENT
    LLC, a Hawaii limited liability company and MICHAEL J.
    FUCHS, Individually, Defendants-Appellants, DIRECTOR OF
    FINANCE, REAL PROPERTY DIVISION, COUNTY OF HAWAII; KE
    KAILANI COMMUNITY ASSOCIATION; THE ASSOCIATION OF VILLA
    OWNERS OF KE KAILANI; MAUNA LANI RESORT ASSOCIATION;
    JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
    DOE CORPORATIONS 1-50; DOE LIMITED LIABILITY COMPANIES
    1-50; DOE ENTITIES 1-50; AND DOE GOVERNMENTAL UNITS 1-
    50, Defendants-Appellees

KE KAILANI DEVELOPMENT LLC, a Hawaii limited liability
    company and MICHAEL J. FUCHS, individually,
    Counterclaimants-Appellants, v. BANK OF HAWAII, as
    agent for itself and for CENTRAL PACIFIC BANK and
    FINANCE FACTORS, LIMITED; BANK OF HAWAII; CENTRAL
    PACIFIC BANK; FINANCE FACTORS, LIMITED; and DOES A
    through J, Counterclaim Defendants-Appellees

KE KAILANI DEVELOPMENT LLC, a Hawaii limited liability
    company and MICHAEL J. FUCHS, individually, Third-Party
    Plaintiffs-Appellants, v. MARY MILES MORRISON, Trustee
    under the Mary Miles Morrison Trust dated October 2,
    1986, Third-Party Defendant-Appellee, and ASSOCIATION
    OF VILLA OWNERS OF KE KAILANI; KE KAILANI COMMUNITY
    ASSOCIATION; BENJAMIN R. JACOBSON; ROBERT BATINOVICH;
    STEPHEN B. and SUSAN L. METTER; HARRY and BRENDA
    MITTELMAN; UTALY, LLC; GORDON E. and BETTY I. MOORE,
    Trustees; ROY and ROSANN TANAKA; MICHAEL G. and
    LINDA E. MUHONEN; MICHAEL O. HALE; BARRY and CAROLYN
    SHAMES, Trustees; KATONAH DEVELOPMENT LLC; DAVID R. and
    HE GIN RUCH; NORTHERN TRUST CORPORATION; BANK OF
    HAWAII, as agent for itself and for CENTRAL PACIFIC
    BANK and FINANCE FACTORS, LIMITED; BANK OF HAWAII;
    CENTRAL PACIFIC BANK; FINANCE FACTORS, LIMITED; DISPUTE
    PREVENTION AND RESOLUTION; and DOES K through R,
    Third-Party Nominal Defendants-Appellees

KE KAILANI DEVELOPMENT LLC, a Hawaii limited liability company and MICHAEL J. FUCHS, individually, Fourth-Party Plaintiffs-Appellants, v. MARY MILES MORRISON, Trustee; BENJAMIN R. JACOBSON; NORTHERN TRUST CORPORATION; BANK OF HAWAII, as agent for itself and for CENTRAL PACIFIC BANK and FINANCE FACTORS, LIMITED; BANK OF HAWAII; CENTRAL PACIFIC BANK; FINANCE FACTORS, LIMITED, Fourth-Party Defendants-Appellees, and ASSOCIATION OF VILLA OWNERS OF KE KAILANI; KE KAILANI COMMUNITY ASSOCIATION; BENJAMIN R. JACOBSON; STEPHEN B. and SUSAN L. METTER; HARRY and BRENDA MITTELMAN; UTALY, LLC; GORDON E. and BETTY I. MOORE, Trustees; ROY and ROSANN TANAKA; MICHAEL G. and LINDA E. MUHONEN; MICHAEL O. HALE; BARRY and CAROLYN SHAMES, Trustees; KATONAH DEVELOPMENT LLC; DAVID R. and HE GIN RUCH, and DOES S through Z, Fourth-Party Nominal Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-2523-10)

ORDER DISMISSING FOR LACK OF APPELLATE JURISDICTION
THE NOVEMBER 19, 2017 MOTION TO VACATE THE APRIL 29, 2016
MEMORANDUM OPINION IN APPELLATE COURT CASE NUMBERS
CAAP-12-0000758 AND CAAP-12-0000070
(By: Fujise, Presiding Judge, Ginoza and Chan, JJ.)

Upon review of (1) Defendants-Appellants Ke Kailani Development LLC and Michael J. Fuchs's (the Appellants) November 19, 2017 motion to vacate this court's April 29, 2016 memorandum opinion in appellate court case numbers CAAP-12-0000758 and CAAP-12-0000070 (Motion to Vacate), (2) the lack of any response by any other party to the Motion to Vacate, (3) Appellants' Supplemental Memorandum filed on November 30, 2017, (4) Plaintiff-Appellee Ke Kailani Partners, LLC's Response to Appellants' Motion and Supplemental Memorandum filed on December 1, 2017, and (5) the record, it appears that we lack appellate jurisdiction over appellate court case numbers CAAP-12-0000758 and CAAP-12-0000070 pursuant to Rule 36(c)(2)(A) of the Hawaiʻi Rules of Appellate Procedure (HRAP), Hawaii Revised Statutes (HRS) § 667-51(a) (2016) and HRS § 641-1(a) (2016).

2

> Jurisdiction is the base requirement for any court resolving a dispute because without jurisdiction, the court has no authority to consider the case. . . . With regard to appeals, the remedy by appeal is not a common law right and exists only by virtue of statutory or constitutional provision. . . . Therefore, the right of appeal is limited as provided by the legislature and compliance with the methods and procedure prescribed by it is obligatory.

Korean Buddhist Dae Won Sa Temple of Hawaiʻi v. Concerned Citizens of Pālolo, 107 Hawaiʻi 371, 380, 114 P.3d 113, 124 (2005) (citations, internal quotation marks and brackets omitted).

When a party applies to the Supreme Court of Hawaiʻi for a writ of certiorari from a judgment entered by the Hawaiʻi Intermediate Court of Appeals, that judgment is effective as follows:

> (c) Effective date of intermediate court of appeals' judgment. The intermediate court of appeals judgment is effective as follows:
>
> . . .
> (2)  if an application for writ of certiorari is filed,
>    (A)  upon entry of the supreme court's order dismissing or rejecting the application or
>    (B)  upon entry of the supreme court's order or other disposition affirming in whole the judgment of the intermediate court of appeals.

HRAP Rule 36(c)(2) (emphasis added).

In the instant case, after we entered the May 26, 2016 judgment on appeal in appellate court case numbers CAAP-12-0000758 and CAAP-12-0000070, the Appellants filed their July 25, 2016 application to the Supreme Court of Hawaiʻi for certiorari in appellate court case number SCWC-12-0000758, and "jurisdiction divests to the supreme court upon an application for writ of certiorari[.]" Christiansen v. First Insurance Company of Hawaii, Ltd., 88 Hawaiʻi 136, 140, 963 P.2d 345, 349 (1998). Upon the subsequent entry of the Supreme Court of Hawaii's September 6, 2016 order in SCWC-12-0000758 rejecting the Appellants' application for a writ of certiorari, our May 26, 2016 judgment on appeal in appellate court case numbers CAAP-12-0000758 and CAAP-12-0000070 went into effect pursuant to HRAP Rule 36(c)(2)(A), at which time the circuit court reacquired jurisdiction over the instant case. Cf. Harrison, 95 Hawaiʻi at

30, 18 P.3d at 892; <u>Korean Dae Won Sa Temple of Hawai'i</u>, 107 Hawai'i at 382-83, 114 P.3d at 124-25. Consequently, we no longer have appellate jurisdiction over appellate court case numbers CAAP-12-0000758 and CAAP-12-0000070, and we cannot rule on the merits of the Appellants' November 19, 2017 Motion to Vacate.

Therefore, IT IS HEREBY ORDERED that the Appellants' November 19, 2017 Motion to Vacate is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, December 12, 2017.


Presiding Judge


Associate Judge


Associate Judge

4